**IRVING BALL, Plaintiff**

v.

**STEPHEN A. TOTH, Defendant**

Civil No. 84/82

Territorial Court of the Virgin Islands
Div. of St. Croix at Christiansted

May 13, 1982

JOHN B. NICHOLS, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on motion of defendant to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. or in the alternative for summary judgment pursuant to Rule 56 Fed. R. Civ. P. Since the contract annexed to the complaint and referred to therein,

is incorporated in and constitutes a part of the complaint,[1] we may proceed under Rule 12(b)(6) Fed. R. Civ. P. The motion will be DENIED.

■ The thrust of defendant's position is that plaintiff cannot prevail because his claim asserts representations allegedly made but not included in the written agreement thereby barred by the doctrine of integrated agreements.[2] There is no doubt that the doctrine is applicable to the case at bar. See generally RESTATEMENT (SECOND) OF CONTRACTS § 209 et seq. However, defendant misses the mark in failing to recognize that plaintiff's claim is asserted as fraud in the inception. Paragraph 4 of the complaint expressly refers to the assurances allegedly given by defendant *prior to the execution* of the contract and paragraph 5 asserts the plaintiff's reliance on those assurances.

■ While it is conceded that the complaint may be inartfully drawn, it cannot be said that the pleading falls short of giving notice to defendant *of the nature and scope of the claims.*[3] If plaintiff can prove by clear and convincing evidence that defendant's assurances induced plaintiff to enter into the agreement, plaintiff will be able to prevail at trial. See RESTATEMENT (SECOND) OF CONTRACTS § 214.

Professors Wright and Miller addressed the question of Rule 12(b)(6) dismissals in their textbook which has attained the status of a procedural handbook of the law. They state that:

> The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Rule 8 indicates that a complaint need only set out a generalized statement of facts from which defendant will be able to frame a responsive pleading. Few complaints fail to meet this liberal standard and become subject to dismissal. Moreover, the courts are reluctant to dispose of the complaint on technical grounds in view of the policy of the federal rules to determine actions on their merits.

WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598–99 (1960 & Supp. 1982).

---

[1] Rule 10(c) provides, in pertinent part
  ... A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

[2] This doctrine is commonly called the parol evidence rule.

[3] See Rules 8(a)(2), 8(e)(1) and 8(f) Fed. R. Civ. P.

Accordingly, the motion to dismiss and the motion for summary judgment will be DENIED.